# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

   v.                            **Case No.: 8:24-cr-18-WFJ-NHA**

PEDRO JESUS SUAREZ-AGUILAR,

_____ /

## MOTION TO DISMISS INDICTMENT AND FOR IMMEDIATE RELEASE FROM CUSTODY

Mr. Pedro Jesus Suarez-Aguilar respectfully moves this Court to dismiss the indictment against him and orders his immediate release from custody pursuant to the Due Process Clause of the Fifth Amendment and 18 U.S.C. § 4241(d). Mr. Suarez-Aguilar has been evaluated by the Bureau of Prisons and found permanently incompetent to proceed, with no substantial probability of restoration in the foreseeable future. Further, he does not meet the threshold for civil commitment under 18 U.S.C. § 4246. Although Mr. Suarez-Aguilar has been convicted, he cannot proceed to sentencing due to his permanent incompetency. Because his period of commitment under Section 4241(d)(2) has expired, no additional period of commitment is authorized by law, and the criminal case cannot proceed further, the indictment must be dismissed and Mr. Suarez-Aguilar must be released.

## FACTUAL & PROCEDURAL HISTORY

Mr. Suarez-Aguilar was named in a Criminal Complaint filed on December 6, 2023, and was arrested on December 11, 2023. Docs. 1, 6. On January 9, 2024, the Government indicted Mr. Suarez-Aguilar on nine counts of possession with intent to distribute a controlled substance. Doc. 12. He subsequently pleaded guilty to the charges and was awaiting sentencing. Docs. 32, 36.

Prior to sentencing, undersigned counsel referred Mr. Suarez-Aguilar to Dr. Melvin Pagán-González for a competency evaluation. Doc. 46. Dr. Pagán-González diagnosed Mr. Suarez-Aguilar with an unspecified neurocognitive disorder (dementia) and unspecified schizophrenia spectrum and other psychotic disorders, opining that he was not competent to proceed. *Forensic Evaluation* at 2 (Aug. 26, 2025).

On December 9, 2024, United States Magistrate Judge Natalie Hirt Adams ordered Mr. Suarez-Aguilar to undergo competency restoration and evaluation pursuant to 18 U.S.C. § 4241(d). Doc. 51. Mr. Suarez-Aguilar was admitted to the Federal Medical Center (FMC) in Butner, North Carolina, on April 22, 2025. *Forensic Eval.* at 2.

On August 26, 2025, FMC Butner issued a Forensic Evaluation report regarding Mr. Suarez-Aguilar's competency. *Id.* The report noted his extensive medical and mental health history, including previous strokes, congestive

heart failure, and a long-standing history of schizophrenia. *Id*. at 3, 6, 9, 16. Following extensive observation and testing, Dr. JohnRobert Jones, Psy.D., concluded that due to the severity of Mr. Suarez-Aguilar's symptoms and continued cognitive decline, there is not a substantial probability that his competency can be restored in the foreseeable future. *Id*. at 19.

Pursuant to 18 U.S.C. § 4241(d), FMC Butner also screened Mr. Suarez-Aguilar for dangerousness to determine if civil commitment was appropriate under 18 U.S.C. § 4246. *Id*. A risk panel reviewed his case on August 15, 2025, and determined that Mr. Suarez-Aguilar did not meet the threshold for civil commitment. *Id*. He was deemed appropriate for routine transport back to the Middle District of Florida. *Id*. 19-20.

### ARGUMENT

The indictment against Mr. Suarez-Aguilar must be dismissed because he is permanently incompetent, unrestorable, does not meet the criteria for civil commitment, and can proceed no further in this criminal case.

Under 18 U.S.C. § 4241(d), when a court finds a defendant incompetent to proceed, the court "shall commit the defendant to the custody of the Attorney General." The Attorney General may hospitalize the defendant "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18

U.S.C. § 4241(d)(1). If the defendant is found unrestorable, he is subject to the provisions of 18 U.S.C. § 4246, which allows for continued commitment only if the individual is found to be dangerous.

The Supreme Court has long established that a person charged with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). If it is determined that this is not the case, the Government must either institute customary civil commitment proceedings or release the defendant. *Id.*

Here, the Bureau of Prisons has definitively concluded that Mr. Suarez-Aguilar cannot be restored to competency. *Forensic Eval.* at 19. Moreover, the BOP risk panel affirmatively found that he does not meet the standard for civil commitment under 18 U.S.C. § 4246. *Id.*

The main distinction between Mr. Suarez-Aguilar's case and the procedural posture of other my typical pretrial competency dismissals is that Mr. Suarez-Aguilar has already pleaded guilty. However, the legal and constitutional safeguards of 18 U.S.C. § 4241(d) apply with equal force to sentencing. A defendant must be competent to be sentenced, as he must be able to understand the nature of the proceedings and meaningfully assist his counsel. *Id.* Because Mr. Suarez-Aguilar is permanently incompetent and

unrestorable, he can proceed no further in the case. The criminal case has reached a permanent halt. Because no additional period of commitment is authorized by law, his continued detention under this indictment violates the Due Process Clause of the Fifth Amendment. Consequently, the indictment must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Suarez-Aguilar respectfully requests that this Court dismiss the indictment and/or order his immediate release from custody.

DATED this 7th day of April 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire,
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Jackson Boggs, AUSA

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender