UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:24-cr-18-WFJ-NHA

PEDRO JESUS SUAREZ-AGUILAR

## MEMORANDUM REGARDING PROPER STATUTORY BASIS TO PROCEED

As directed by the Court at the latest status conference in this matter, the United States submits this memorandum regarding the proper statutory basis, 18 U.S.C. § 4241 or 18 U.S.C. § 4244, on which to proceed in the instant case. *See* Doc. 87.[1]

## PROCEDURAL BACKGROUND

Several months after adjudication of guilt on drug trafficking charges, but prior to sentencing, the defendant, through counsel Douglas Stamm, submitted evidence of the defendant's cognitive decline, and the Court ordered that the defendant undergo competency restoration and evaluation. *See* Docs. 46-1, 51 (minute entry for competency hearing on December 9, 2024).

---

[1] Counsel for the defendant decided not to address 18 U.S.C. § 4244 in favor of a motion to dismiss this case and immediately release the defendant based on the Fifth Amendment and 18 U.S.C. § 4241(d). Doc. 91. While there is disagreement among courts regarding which statute, 18 U.S.C. § 4241, 18 U.S.C. § 4244, or both, applies in the case of a convicted defendant who has not yet been sentenced, as addressed in this memorandum, I have found no caselaw suggesting a court should dismiss, or has dismissed, such a case on Fifth Amendment grounds, and the defendant has cited none.

On September 24, 2025, the Court held a counsel only hearing at which the August 2025 report of a forensic evaluation conducted at the Federal Medical Center ("FMC") in Butner, North Carolina, was considered. Doc. 67. The United States stated it was unlikely to challenge the finding in the report that the defendant, evaluated under 18 U.S.C. § 4241, was no longer competent, and was unlikely to be able to be restored to competency, and next steps were discussed. *Id.*

Subsequently, the defendant's previous counsel Douglas Stamm and the United States agreed at another hearing that the defendant's condition required care in a suitable facility, that 18 U.S.C. § 4244 was likely the proper basis on which to proceed in this case, and the parties indicated they would file a motion and proposed order to be considered by the Court. Doc. 81.

After that hearing, the defendant's previous counsel took a leave of absence and was replaced by current counsel, who opined in a status conference held on March 3, 2026, that it may be under 18 U.S.C. § 4241 rather than 18 U.S.C. § 4244 that the Court should proceed, consequently the Court directed motions or briefing on the matter. *See* Doc. 87.

## MEMORANDUM OF LAW

The Eleventh Circuit Court of Appeals has not specifically addressed which provisions of Title 18 apply to a defendant who has suffered cognitive decline after adjudication of guilt, and therefore has been found incompetent to proceed to sentencing, and also has been found not likely restorable, after having pleaded guilty and having been adjudicated guilty.

Meanwhile, there is disagreement among district courts in the Eleventh Circuit and elsewhere regarding which statutory provisions apply, with some district courts finding that *only* 18 U.S.C. § 4241 applies to a defendant who has been found incompetent and has not yet been sentenced, *see, e.g., United States v. Morris*, 550 F. Supp. 2d 1290 (M.D. Ala. 2008); *United States v. Chaudhry*, 646 F. Supp. 2d 1140 (N.D. Cal. 2009), and some district courts and most importantly courts of appeal suggesting that 18 U.S.C. § 4244 applies in such a circumstance. *See, e.g., United States v. Ewing*, 494 F.3d 607, 614 (7th Cir. 2007) ("When a defendant is found incompetent to stand for sentencing, he is committed for treatment and provisionally sentenced to the maximum term authorized by the offense. 18 U.S.C. § 4244(d)."); *United States v. Mason*, 52 F. 3d 1286, 1288 n.2 (4th Cir. 1995) ("Section 4244 concerns a defendant's competence to be sentenced, whereas § 4241 relates to competence to stand trial."); *see also United States v. General*, 278 F.3d 389, 396-97 (4th Cir. 2002) ("Our analysis of [a defendant's] challenge to his competency to be sentenced is governed by 18 U.S.C.A. § 4244."); *United States v. Baldovinos*, 434 F.3d. 233, 242 (4th Cir. 2006) ("If we were to vacate [the defendant's] sentence, and if he is presently incompetent to be sentenced, he could be provisionally sentenced to [FMC] Butner or a similar institution pursuant to 18 U.S.C. § 4244(d)."). There is considerable overlap in the two provisions.

In the instant case, the Court already ordered that defendant be evaluated under 18 U.S.C. § 4241 after defense counsel presented evidence of his cognitive decline. *See* Doc. 51 *et seq.* While both 4241 and 4244 concern whether "the

3

defendant may presently be suffering from a mental disease or defect," different or additional questions must be addressed by the examiner conducting the psychiatric or psychological examination depending on the section, 4241 or 4244, under which the examination is ordered. *Cf.* 18 U.S.C. § 4247(c)(4)(A), focusing on understanding the proceedings and assisting in defense, and 18 U.S.C. § 4247(c)(4)(E), focusing on the need of custody for care or treatment in a suitable facility.

In the case of a hearing under 18 U.S.C. § 4244,[2] if the court finds that the defendant is suffering from a mental disease or defect and should be committed to a suitable facility for care or treatment, the Attorney General "*shall* hospitalize the defendant for care or treatment in a suitable facility." 18 U.S.C. § 4244(d) (emphasis added).

## CONCLUSION

The United States submits that under the facts of this case, the court should order a hearing under 18 U.S.C. § 4244 after the additional question of "need of custody for care or treatment in a suitable facility" is addressed by those who

---

[2] The defendant or the government may move for a hearing under 18 U.S.C. § 4244 within 10 days after the defendant is found guilty, *or the court may order such a hearing on its own motion. See* 18 U.S.C. § 4244(a). In this case, neither the defendant, nor the government, nor the court were aware of the defendant's mental disease or defect within 10 days of his adjudication of guilt, although it came to light prior to sentencing as set forth above.

evaluated the defendant pursuant to 18 U.S.C. § 4241. *See* 18 U.S.C. § 4247(c)(4)(E).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/ E. Jackson Boggs Jr.*

E. Jackson Boggs Jr.
Assistant United States Attorney
USA No. 080
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6187
E-mail: Jackson.Boggs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ryan J. Maguire, Assistant Federal Defender

*s/ E. Jackson Boggs Jr.*
E. Jackson Boggs Jr.
Assistant United States Attorney
USA No. 080
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6187
E-mail:  Jackson.Boggs@usdoj.gov